DLD-161                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4755
_____

JOYE WILLIAMS,

Appellant

v.

SUPERINTENDENT DALLAS SCI;
MAJOR  MCHALLY; LIEUTENANT BLEICH; LIEUTENANT  MOSIER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-10-cv-01472)
District Judge:  Honorable James M. Munley
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 9, 2015

Before:  FISHER, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: April 14, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Joye Williams, a prisoner, appeals a series of orders dismissing his lawsuit against prison officials. We will affirm.

Williams filed suit under 42 U.S.C. § 1983, alleging that he was subject to "constant illumination"—the overhead lights in his prison cell were on from 6:00 a.m. to 12:00 a.m., at which point the "night lights" came on and remained on until 6:00 a.m.—and that this pattern of lighting, and the defendants' deliberate indifference to it, violated his rights under the Eighth Amendment.

The District Court partially granted the defendants' motion to dismiss. The District Court found that any claims for money damages were barred by the Eleventh Amendment, dismissed any claim that the defendants were liable for failing to adequately respond to Williams' prison grievances (in which he complained about harm caused by the cell's lights), and dismissed any claim involving the "night lights" in Williams' cell. However, the District Court allowed Williams to proceed on his claim that the "constant illumination" caused by the main lights violated his Eighth Amendment rights.

The District Court later granted summary judgment on the remaining claim. The District Court found that Williams was not subject to "constant illumination" under the overhead-lights—rather, the complaint alleged that those lights were off for six hours, from 12:00 a.m. to 6:00 a.m. In addition, the District Court found that Williams failed to offer any expert testimony establishing that the lights in his prison cell caused him to suffer any actual health problems. Williams moved for reconsideration, which the District Court denied.

2

Williams appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's orders. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may affirm a district court for any reason supported by the record. Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011) (citation omitted). We will summarily affirm the District Court because this appeal does not present a substantial question. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Prison conditions may amount to cruel and unusual punishment if they cause 'unquestioned and serious deprivations of basic human needs . . . . [that] deprive inmates of the minimal civilized measure of life's necessities.' . . . To demonstrate a deprivation of his basic human needs, a plaintiff must show a sufficiently serious objective deprivation, and that a prison official subjectively acted with a sufficiently culpable state of mind, i.e., deliberate indifference." Tillman v. Lebanon County Corr. Facility, 221 F.3d 410, 418 (3d Cir. 2000) (internal citations omitted).

William's allegation—that the main lights in his cell were on from 6:00 a.m. to 12:00 a.m.—is not objectively serious enough to warrant constitutional protection. Specifically, Williams alleged that the lights in his cell were turned on between the hours of 6:00 a.m. and 12:00 a.m. and turned off for the remainder of the night. During the period when the lights were off, however, Williams alleged a low-wattage "night light"

3

remained on.[1] Other circuits have held that the constitutional requirement of adequate shelter for an inmate includes the provision of adequate lighting. See Hoptowit v. Spellman, 753 F.2d 779, 783 (9th Cir. 1985). Further, courts have noted that "[t]here is no legitimate penological justification for requiring [inmates] to suffer physical and psychological harm by living in constant illumination." LeMaire v. Maass, 745 F. Supp. 623, 636 (D. Or. 1990), vacated on other grounds by 12 F.3d 1444, 1458-59 (9th Cir. 1993); see also Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996) (holding that an allegation "that large florescent lights directly in front of and behind [an inmate's] cell shone into his cell 24 hours a day, so that his cell was 'constantly illuminated, and [he] had no way of telling night or day,' and that this condition caused him 'grave sleeping problems' and other mental and psychological problems" was sufficient to state a claim of cruel and unusual punishment). Williams, on the other hand, did not allege that the main lights in his cell were on twenty-four hours a day. Nor is the pattern of lighting he describes objectively serious enough to warrant inquiry under the Eighth Amendment. Thus, we will affirm the judgment of the District Court.

---

[1] Williams' complaint alleges that the "night lights" contributed to the "constant illumination." However, Williams' opposition to the motion for summary judgment states that he "does not suggest nor does he argue" that the night lights were unconstitutional, and his claim "from the very beginning" was that "continuous cell lighting from 6 a.m. to 12 midnight" is unconstitutional.